Dear Mr. Jewell:
You requested the opinion of this office concerning a situation which has arisen with regards to Pointe Coupee Parish Fire Protection District No. 5 (the "District") which includes the entire corporate area of the City of New Roads (the "City") as well as certain areas situated outside of the City. You advised that the City, as well as the Parish, appoint members to the District's Board; accordingly, the City Council recognizes an obligation to monitor the operation of the District to ensure that the District expends monies in a lawful, effective and efficient manner.
You further advised that the District's main source of revenue is an ad valorem tax dedicated to its operation. In recent years the District's revenues have increased substantially as a result of certain property being placed on the tax rolls. Effective March 1, 1996, the District purchased a contract styled "Length of Service Awards Program" (the "Contract") which provides certain benefits exclusively to non-employee volunteer firemen and their beneficiaries, including monthly income benefits upon retirement or disability and death benefits. The Contract is funded entirely by contributions from the District and no funds are contributed from the participants.
The City understands that the District initially paid over $385,000 in March, 1996 to purchase the Contract. That same year, the District made an additional payment so as to include one or more former volunteer firemen who may not have been active on the effective date of the Contract. Additionally, in order to insure the actuarial soundness of the Contract, the District pays annual premiums of approximately $40,000 to $50,000. Of the initial payment in 1996, over $365,000 appears to have been required due to the fact that the Contract included a retroactive credit for up to 15 years for the volunteers who had such prior service.
Your first question is: Would the Contract be lawful hadthe purchase of retroactive benefits for some of its participantsnot been included?
In Atty.Gen.Op. No. 91-162 this office concluded that public funds received by volunteer fire departments may be used to establish and maintain a retirement plan. Since that opinion was rendered, R.S. 33:2036(G)(2) was adopted by the Louisiana Legislature to provide that a municipal or parish governing authority may legally establish a pension program for volunteer firemen pursuant to the provisions of R.S. 33:2036(G)(2). In Atty.Gen.Op. 92-469, this office determined that a fire protection district is established as a public corporation and, as such, has the authority to, among other things, "do and perform all acts . . . necessary and proper . . . for effective fire prevention. . . ." R.S. 40:1500. The opinion concluded that the broad corporate authority of a fire protection district was supplemental to the powers granted to municipal and parish governing authorities by R.S. 33:2036(G)(2), and accordingly a fire protection district may legally establish a pension plan that would provide benefits for volunteer firemen which may include group health and accident insurance.
R.S. 33:2036(G)(2) states as follows:
 "(a) Any volunteer fireman and volunteer emergency medical service technician who serves in a volunteer fire department may receive a pension for prior years of service, as provided in this Paragraph.
 (b) The governing authority of each parish and municipality may establish and implement a length of service award program for any retired volunteer fireman
and volunteer emergency medical service technician to provide a service pension to those persons eligible. Notwithstanding any provision of law to the contrary, the local governing authority may contribute such funds as may be necessary to fund the program. Members of the established program may also contribute such funds to support the program.
 (c) If any governing authority elects to establish such program, the program shall be subject to the following provisions:
 (i) If any governing authority elects to contribute funds to the program, then the minimum contribution shall equal ten cents for each dollar contributed by the employee in his first through fifth years of service; fifteen cents for each dollar contributed by the employee in his sixth through tenth years of service; twenty cents for each dollar contributed by the employee in his eleventh through fifteenth years of service; and twenty-five cents for each dollar contributed by the employee in his sixteenth and later years of service.
 (ii) In any event, the length of service award program shall not distribute any employee or employer contribution to the employee before he attains the age of sixty, unless such distribution is due to disability, death, or other bona fide hardship suffered by the employee.
 (iii) All employee and employer contributions made into the length of service award program fund shall be maintained in a separate account on behalf of each employee. One hundred percent of the funds in each account shall be immediately vested to the employee upon attainment of ten years of creditable service. (Emphasis added).
As to whether retroactive benefits could be purchased for some of the participants, your inquiry must be addressed in light of La. Const. (1974) Art. VII, Sec. 14(A), which provides, in pertinent part:
 "(A) Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private . . ."
 (B) Nothing in this Section shall prevent . . . (2) contributions of public funds to pension and insurance programs for the benefit of public employees; . . ."
As contributions of public funds to pension programs for the benefit of public employees constitute one of the exceptions to the general prohibition against the donation of public funds, it is the opinion of this office that retroactive participation through employer contributions in the Contract would not constitute a violation of Article VII, Section 14. See also, Atty.Gen.Op. 95-473.
You asked two ancillary questions under Question No. 1, first whether R.S. 33:2036(G)(2)(c)(i) makes District funding contingent upon the volunteers contributing? It is the opinion of this office that R.S. 33:2036(G)(2) does not require contributions by the volunteer firemen. As quoted and emphasized above, R.S. 33:2036(G)(2)(b) authorizes the local governing authority to contribute such funds as may be necessary to fund the program and states that the members may contribute funds to support the program. Additionally, R.S. 33:2036(G)(2)(c)(i) sets forth minimum contributions in the event the governing authority elects to contribute funds to the program. There is no statutory requirement for the volunteers to contribute funds for the program.
Your second ancillary question concerns R.S.33:2036(G)(2)(c)(iii) which authorizes vesting upon the employee attaining ten years of service, while the Contract authorizes vesting after five years. You are correct that this provision of the Contract is not in accord with Louisiana law; however, the nullity of a provision does not render the whole contract null unless, from the nature of the provision or the intention of the parties, it can be presumed that the contract would not have been made without the null provision. La. C.C. art. 2034. Accordingly, a Louisiana court could sever the provisions of the Contract which are in contravention of Louisiana law.
Your second question is if the Contract is otherwiselawful, does the purchase of retroactive benefits for some of itsparticipants violate Article VII, Section 14 of the LouisianaConstitution?
You advised that it is your understanding that fifteen years of retroactive credit was purchased for at least one former volunteer fireman who was either not active on the effective date of the contract or became inactive shortly thereafter and who remains inactive today.
Our research has not revealed any authorization for the District to pay any retroactive benefits for the former volunteer fireman for those years in which the fireman was not active and thus such purchase would be subject to constitutional challenge under La. Const. (1974) Art. VII, Sec. 14. As the individual in question was not active during the years for which benefits can be obtained, the District is under no legal obligation to, and therefore should not have purchased retroactive benefits for this individual. See Atty.Gen.Op. 93-544.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS
Assistant Attorney General
RPI/MSH